# Meek *v.* The State.

*Indictment for Obtaining Goods by False Pretenses.*

1. *Obtaining goods by false pretenses; sufficiency of indictment.*—It is not necessary that an indictment for obtaining goods by false pretenses should show that the alleged false pretense was capable of inducing the party to whom made to part with his goods; and an indictment which alleges that the false pretenses was of an existing or past fact or condition, and that it was false and made with intent to defraud, and that by means of it the defendant obtained the goods from the party named, is good and sufficient, unless the false pretense, as alleged, appears upon its face to have been frivolous and incapable of inducing one to part with his property.

2. *Same; evidence pertaining to the transaction admissible.*—On a trial under an indictment for obtaining goods by false pretenses, the testimony of the person from whom the goods were obtained as to the statements or representations made by the defendant at the time he got the goods, is relevant and admissible.

[Meek v. The State.]

3. *Same; fact that the defendant never paid for the goods irrelevant and inadmissible.*—Under an indictment for obtaining goods by false pretenses, evidence of the fact that the defendant had never paid for the goods obtained, is immaterial, irrelevant and inadmissible.

4. *Same; taking of mortgage from defendant can not be proved by State.*—On a trial under an indictment for obtaining goods by false pretenses, the State can not prove that the person from whom the goods were obtained by the defendant took a mortgage from the latter at the time he sold the goods to secure the debt, nor can such mortgage be introduced in evidence by the State.

5. *Same; evidence of different representations than those alleged in the indictment inadmissible.*—On a trial under an indictment for obtaining goods by false pretenses, evidence that at the time the defendant obtained the goods he made other representations than those alleged in the indictment, is inadmissible.

6. *Same; inadmissible evidence.*—On a trial under an indictment for obtaining goods by false pretenses, testimony as to efforts to gather up property which was included in a mortgage executed at the time of obtaining the goods by the defendant to the person from whom the goods were obtained, and as to what the defendant said and did in reference to what had become of such property the next year after the goods were obtained, sheds no light upon the issue being tried, and is irrelevant and inadmissible.

7. *Same; admissibility of statements made by defendants.*—On a trial under an indictment for obtaining goods by false pretenses, where the evidence for the State tended to show that the defendant obtained the goods by falsely representing that he lived in a certain county in Alabama, while he in fact lived in Florida, evidence of a declaration afterwards made by the defendant, that he had the advantage of the person from whom the goods were obtained, because he (the defendant) lived in another State at the time the goods were obtained, is relevant and admissible as shedding light on the materiality of the representations alleged and proven.

8. *Same; evidence as to the defendant's ownership of property inadmissible.*—On a trial under an indictment charging the defendant with having obtained goods by falsely representing that he lived in a certain named county, in Alabama, the fact as to whether or not the defendant owned certain property at the time he made such alleged false representation, is immaterial, irrelevant and inadmissible.

9. *Same; inadmissible evidence.*—In such a case, it is not permissible for the State to prove that after the defendant had obtained the goods, he stated to a partner of the person from whom he obtained the goods that he lived in a certain named county, as alleged in the indictment.

10. *Same; same.*—In such case, it is not permissible for the State to prove by said partner, that he would not have sold the defendant the goods, if the latter had told him he lived in another State.

11. *Same; same.*—On a trial under an indictment for obtaining goods by false pretenses, the fact that the defendant went to the house of a witness who was being examined, and asked him for work, and stated to him that he owed the persons from whom he was alleged in the indictment to have obtained the goods, and that he wanted to work to pay the debt, is irrelevant and immaterial, and the evidence of such fact is inadmissible.

12. *Same; sufficiency of evidence; general affirmative charge.*—Where on a trial under an indictment which charges the defendant with obtaining goods by false pretenses, in that he falsely represented that he lived in a certain county "and was preparing to make a crop" in said county, and there is no evidence introduced tending to prove the allegation of the indictment that the defendant represented that he "was preparing to make a crop" in said county, the allegations of the indictment are not proven, and the general affirmative charge should be given at the request of the defendant.

13. *Same; charge to the jury.*—In such a case, a charge which instructs the jury that "Unless the jury believe from the evidence beyond a reasonable doubt that at the time the defendant got the goods, he did not have the intent to defraud, then you should find the defendant not guilty," is erroneous.

14. *Same; same.*—On a trial under an indictment for obtaining goods by false pretenses, where it is shown that the parties from whom the goods were obtained took from the defendant at the time he obtained the goods a mortgage to secure the debt, a charge which instructs the jury that if the jury believe from all the evidence that the persons from whom the goods were obtained "parted with their property upon the faith of the mortgage and not upon the representation made by the defendant, if he did make one, you should find the defendant not guilty," asserts a correct proposition, and should be given.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. FOSTER.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment John B. Meek did falsely pretend to John S. Collins, a member of the firm of Malone, Collins & Company, a firm doing business in the town of Geneva, Ala., and composed of Geo. Y. Malone, Nace Collins, Geo. H. Malone, John S. Collins, Ed. R. Malone and Henry B. Collins, with intent to defraud, that he, the said John B. Meek, lived in Geneva county, Alabama, and was preparing to make a crop in Geneva county, for the year 1893, and by means of such false pretenses obtained from the said

Malone, Collins & Company, one wagon of the value of forty-one dollars and thirty-five cents, one stove of the value of thirteen dollars, one pair of pants of the value of three dollars and sixty-five cents, and seven sacks of Golding Gauno of the value of seventeen dollars, all being of the aggregate value of seventy-five dollars, against the peace and dignity of the State of Alabama." The defendant demurred to this indictment, upon the following grounds: "1st. The indictment charges no offense under the laws of the State. 2d. The representations alleged in said indictment to have been made by the defendant are shown by said indictment to be immaterial. 3d. The indictment fails to show or aver that the representations made by the defendant were material. 4th. The indictment fails to aver or show that the representations alleged to have been made were in reference to an existing or past fact." The demurrer was overruled, and the defendant duly excepted.

On the trial of the case one John Collins was introduced as a witness for the State and testified that he was a member of the firm of Malone, Collins & Company; that in December, 1892, he had transactions with the defendant at the store of Malone, Collins & Company, in which he let the defendant have certain articles of merchandise. The witness was then asked the following question: "Did the defendant at that time make any declarations or representations to you, and if so, what were they?" The defendant objected to this question, on the ground that it called for illegal and incompetent testimony, and duly excepted to the court's overruling his objection. The witness in answer to the question said: "Yes, the defendant said he wanted to buy a wagon and supplies for the year, 1893." The defendant moved to exclude this answer from the jury, on the grounds that it was not responsive to the question, and because it was incompetent and illegal evidence. The court overruled the motion, and the defendant duly excepted. This witness further testified that the defendant said to him that at that time he was farming and living in Geneva county, Alabama, and had stock and other property; that the defendant made a mortgage to the witness's firm on the wagon and other property the firm advanced to him. The solicitor then asked the witness the following question: "Did you

ever get any pay for these things?" . The defendant ob-
jected to this question, because it called for illegal, ir-
relevant and incompetent evidence, and duly excepted
to the court's overruling his objection.  This witness
further testified that at the time of the transaction be-
tween the defendant and himself in December, 1892, the
defendant told him that he had a horse, yoke of oxen
and other property.  The defendant moved to exclude
this testimony, upon the ground that the representations
as to this property were not charged in the indictment,
and can not be legally proven in this case.  The court
overruled the motion, and the defendant duly excepted.
There was other evidence for the State tending to show
that the defendant lived in the State of Florida in the
years 1892 and 1893, and that he so lived in Florida
when he stated to the witness Collins, of the firm of
Malone, Collins & Co., that he lived in Geneva county.

Upon the examination of one of the witnesses for the
State, he was asked the following question :  "Did the
defendant own a bay horse about five years old in Dec-
ember, 1892?"  The defendant objected to this question
on the ground that it called for irrelevant and immater-
ial testimony, and duly excepted to the court overruling
his motion.

Ed Malone, a witness for the State, testified that he
was a member of the firm of Malone, Collins & Company,
and that the defendant told him during the month of
February, 1893, that he lived in Geneva county, Ala-
bama.  The defendant objected to this testimony, and
moved to exclude it, upon the ground that it was irrele-
vant and immaterial.  The court overruled the objection
and motion, and the defendant duly excepted.

The witness was then asked the following question by
the State :  "Suppose he, the defendant, had told you
that he lived in Florida, would you have sold him the
goods?"  The defendant objected to this question, be-
cause it called for incompetent and illegal testimony,
and duly excepted to the court's overruling his motion.
Upon the witness answering that he would not, the de-
fendant moved to exclude this answer from the jury, and
duly excepted to the court's overruling his motion.

Upon the introduction of one Holman, a witness for
the defendant, he testified that the defendant came to his
house during the fall of that year, 1893, and sought

work, and this witness was then asked by the defendant the following question : "If when he, the defendant, came there to work, did he say that he owed Malone, Collins & Company, and that he wanted to work to pay it?" The solicitor objected to this question, which objection the court sustained, and the defendant duly excepted. The other rulings of the court upon the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe the evidence, they will find the defendant not guilty." (2.) "Unless the jury believe from the evidence beyond a reasonable doubt that at the time defendant got the goods, he did not have the intent to defraud, then you shall find the defendant not guilty." (3.) "If the jury believe from the evidence that Malone, Collins & Co., parted with their property upon the faith of the mortgage, and not upon the representations made by defendant, if he did make one, you should find the defendant not guilty."

W. O. MULKEY, for appellant, cited *Woodbury v. State*, 69 Ala. 242 ; *Carlisle v. State*, 77 Ala. 71 ; *Berney v. State*, 69 Ala. 233 ; *O'Connor v. State*, 30 Ala. 9.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—We do not understand that the indictment for obtaining goods by false pretenses must necessarily show that the alleged false pretense was capable of inducing the party to whom made to part with his goods, further than the allegation that by means of the pretense the goods were obtained. If the pretense alleged is of an existing or past fact or condition, and is alleged to have been false and made with intent to defraud, and by means of it the defendant obtained the goods from the party named, the indictment is good, unless, indeed, the pretense, as alleged, appears upon its face to have been frivolous and incapable of operating to induce one to part with his property. Whether or not the pretense really operated as such material inducement is a matter of proof.

·The present indictment, we think, is, therefore, not subject to the criticisms of the demurrer.

There was no error in permitting the State to ask the witness, John Collins, as to statements or representations defendant made to him, nor in refusing to exclude the answer.

We are of opinion the court erred in permitting the State to prove that defendant had never paid for the goods he obtained. If the offense charge was committed, at all, it was committed at the time the goods were obtained. If they were obtained by means of the false pretense alleged with the intent at the time to defraud, the offense was complete, and though the defendant may have afterwards repented and paid for the goods, even on the very day due, he was none the less guilty by reason thereof; and *e converso*, if when he obtained the goods he had no intent to defraud, or had not made the alleged false pretense which induced the party to part with the goods, he was not guilty at all, whether he afterwards paid for them or not, and without regard to whether he afterwards formed a fraudulent intent not to pay for them.—*Carlisle v. State,* 77 Ala. 71.

The court permitted the State to prove by the witness, Collins, that he took a mortgage from defendant at the time he sold him the goods to secure the debt. The defendant objected to the proof as being irrelevant and immaterial, and because the mortgage was not produced, and his objection was overruled and he excepted. We think the defendant is not in a position to allege error in this ruling, for the reason that the evidence was beneficial to him and prejudicial to the State. It furnished evidence to the jury from which they might have inferred that the sellers were induced to sell their goods in reliance upon the mortgage security rather than upon the representations alleged in the indictment. Unless by some action or ruling, which does not appear to have occurred, this evidence was perverted to other than its legitimate bearings, we can not conceive how it is possible for the defendant to have been otherwise than benefitted by its introduction. It would clearly have been admissible evidence for him if he had offered it himself as a means of showing an inducement to part with the goods, other than that charged. We must hold, however, technically the State had no right to introduce the

mortgage, nor evidence of its contents. It did not tend to prove any allegation of the indictment. Nor was it competent for the State to prove the declaration of the defendant at the time of the transaction that he owned the articles of property, though properly viewed by the jury, it was likewise beneficial to the defendant as going to show that the ownership of the property was the inducement to the firm to sell the goods.

The testimony of the several witnesses as to the efforts to gather up the mortgage property and what defendant said and did as to what had become of the property, the next year after the goods were obtained, shed no light upon the inquiry whether he, defendant, with intent to defraud, falsely represented, perhaps a year before, that "he lived in Geneva county, Alabama, and was preparing to make a crop in Geneva county for the year 1893," and by means of such false pretense obtained goods, etc. The declaration as to his having advantage of Malone, Collins & Co. because he lived in Florida was proper to be considered upon the materiality of the alleged representation, and probably the intent.

It was not proper for the State to prove whether or not defendant owned a bay horse in 1892.

It was proper for the State to prove by Ed Malone that defendant told him, in February, 1893, that he lived in Geneva county.

It was clearly improper to permit the same witness to testify that he would not have sold defendant the goods if he had told him that he lived in Florida.

There was no error in refusing to allow the witness, Holman, to testify to defendant's declaration as shown in that witness's testimony.

There was no evidence tending to prove the allegation of the indictment that defendant pretended that he "was preparing to make a crop in Geneva county for the year 1893," wherefore the general affirmative charge requested by the defendant ought to have been given.

The second charge requested by the defendant was manifestly bad, and the third manifestly good. The second evidently used the word "unless" when "if" was intended. The court erred in refusing the third.

Let the defendant remain in custody until discharged by due course of law.

Reversed and remanded.