# Woods *v.* The State.

### *Indictment for Obtaining Goods under False Pretenses.*

1. *Obtaining goods under false pretenses; sufficiency of indictment.*—An indictment for obtaining goods under false pretenses, which charges that the defendant did make false pretenses, which charges that the defendant did make false pre-

[Woods v. The State.]

tenses to "Herbert Evans with intent to defraud," setting out such pretenses, and that by means of such false pretenses, "obtained from the firm of Evans Brothers, a partnership composed of A. C. Evans, Chas. B. Evans and Herbert H. Evans," certain specified goods and merchandise, is not subject to demurrer upon the ground that it failed to show that Herbert Evans was either a member of the partnership, a clerk, servant, employee or agent of the firm of Evans Brothers; it not appearing from the face of the indictment that there were two persons bearing the name of Herbert Evans and the identity of the name being presumptive of the identity of the person.

2. *Same; every pretense must not be false.*—On a trial under an indictment for obtaining goods under false pretenses, it is not necessary to a conviction that every pretense charged in the indictment should be proved; but it is sufficient to authorize a conviction if a material part of the false pretenses charged be shown, and it be further shown that it was made with the intent to defraud and that it induced the person sought to be wronged to part with his property.

APPEAL from the County Court of Hale.

Tried before the Hon. W. C. CHRISTIAN.

The appellant in this case, Charley Woods, was tried and convicted under the following indictment: "The grand jury of said county charge that Charley Wood alias Charley Woods did falsely pretend to Herbert Evans, with intent to defraud, that he had unincumbered one cream colored horse Sid, and one single no top buggy, and by means of such false pretenses, obtained from the firm of Evans Brothers, a partnership composed of A. C. Evans, Charlie D. Evans, and Herbert H. Evans, two pairs of pants, of the value of three and 50-100 dollars; and three coats of the value of six and 25-100 dollars; six pairs of shoes of the value of eight and 25-100 dollars; and ten pounds of meat, of the value of one dollar, against the peace and dignity of the State of Alabama." To this indictment the defendant demurred upon the following grounds: 1. It fails to show that the alleged false pretenses were made to the firm alleged to have been defrauded or any agent or employe or member of said firm. 2. That said indictment fails to show that Herbert Evans was a member of the firm of Evans Brothers, or an agent or em-

ploye of said firm, or was in any connected with said firm. This demurrer was overruled.

On the trial of the cause there was evidence introduced on the part of the State tending to show that the defendant made the representations as charged in the indictment, and upon the strength of such representations obtained from Evans Brothers the goods and merchandise as alleged in the indictment. That the representations were made to Herbert Evans, who was a member at the time, of the partnership of Evans Bros. mentioned in said indictment, and that he was the same person who was described in the indictment as a member of said firm of the name of H. H. Evans. The testimony for the State further tended to show that at the time of making said representations the defendant had given a mortgage upon the horse owned by him, and said mortgage was a valid and outstanding lien against said horse, and that the defendant owned only the one horse referred to in the indictment and included in the mortgage. It was further shown that the defendant owned a buggy at the time of making the representations and there was no proof introduced upon the trial to show that the buggy was, at the time of the representations, incumbered by any lien, but as a matter of fact, the buggy was wholly unincumbered. Thereupon the defendant moved to be discharged upon the ground that there was a material variance between the allegations and the proof. The court overruled this motion and the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment of conviction, from which judgment the defendant appeals.

DeGraffenried & Evins, for appellant.—The indictment must show on its face a connection between the alleged pretense and the accomplished fraud.—*Mack v. State,* 63 Ala. 140; *Copeland v. State,* 97 Ala. 30; Bish. Stat. Crimes, § 452.

There was a material variance and the motion to discharge should have been granted.—*O'Connor v. State,* 30 Ala. 1.

CHAS. G. BROWN, Attorney-General, for the State, cited *Garrett v. State,* 76 Ala. 18; *Beasley v. State,* 59 Ala. 20; *Headley v. State,* 106 Ala. 109.

TYSON, J.—The demurrer to the indictment questions its sufficiency with respect to the relation of Herbert Evans, to whom the false pretense was alleged to have been made, to the partnership from whom the goods were fraudulently obtained. It is insisted that the averments fail to show that Evans was either a member of the partnership, a clerk, servant, employe or agent of the firm of Evans Brothers. This insistence has for its foundation the fact that Evans to whom the false representation was alleged to have been made, is designated as Herbert Evans, while the partnership averred to have been defrauded, is alleged to have been composed to A. C. Evans, Charles D. Evans and Herbert H. Evans. The argument is, that by the use of the letter "H." two distinct and separate persons bearing the name of Herbert Evans are shown; and therefore, the false representation having been made to one Herbert Evans, who is in nowise shown to have been connected with the firm that was defrauded, the indictment is bad. It may be that this contention would be sound, if it could be affirmed that there appears upon the face of the indictment two persons bearing the name of Herbert Evans. But, since the law does not regard a middle name and as identity of name is presumptive of identity of person, it must be held upon demurrer that they are the same person.—*Garrett v. The State,* 76 Ala. 18. In describing third persons in an indictment, certainty to a common intent is all that is required.—*Thompson v. The State,* 48 Ala. 165. The demurrer was not well taken.

In the recent case of *Leath v. The State,* 132 Ala. 26, the defendant was indicted for obtaining money by false pretenses. The false representation alleged was that the indorsements by the payees of certain warrants were genuine. The evidence showed that some of these indorsements were not genuine. The point was made in that case, as here, that there was a fatal variance between the allegations and the proof; and it was in-

sisted that the State should be required to prove the falsity of the entire representation as charged. We held otherwise. See also *Beasley v. The State,* 59 Ala. 20, where the case of *O'Connor v. The State,* 30 Ala. 9, upon which appellant relies, is distinguished.

Affirmed.