(78 South. 722)

FOSTER v. STATE. (3 Div. 309.)

(Court of Appeals of Alabama. March 12, 1918. Rehearing Denied May 7, 1918.)

1. CRIMINAL LAW ⬤⟳432 — EVIDENCE — CHECKS—ADMISSIBILITY.

Upon proper identification and proof that one accused of obtaining money by false pretenses received the money called for by certain checks, they were competent as tending to show when and how the money was obtained.

2. FALSE PRETENSES ⬤⟳12 — ELEMENTS OF OFFENSE.

The mere fact that all the money was not obtained at one time is of no consequence in prosecution for obtaining money by false pretenses if it was all obtained by reason of the false pretenses.

3. CRIMINAL LAW ⬤⟳1169(3)—APPEAL—CURE OF ERRORS.

In prosecution for obtaining money by false pretenses, error in admitting checks representing money obtained without identification or proof of indorsement by accused or receipt of money by him was cured by his admission that he received the money.

4. CRIMINAL LAW ⬤⟳444—EVIDENCE—DOCUMENTS—AUTHENTICATION.

In prosecution for obtaining money by false pretenses, admission of a mortgage on automobiles given to secure the loan was error, where accused did not admit having signed the mortgage, and there was no other proof that he had signed it, and the mortgage was not self-proving.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

W. J. Foster was convicted of obtaining money by false pretenses, and he appeals. Reversed and remanded.

J. Paul Jones and J. R. Thomas, both of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

SAMFORD, J. The indictment charged that the defendant did falsely pretend to G. J. Thrasher, with intent to defraud, that he was the owner of two automobiles, "one Dort car, No. 11605, and one Dort roadster, No. 11772," and by means, etc., obtained from G. J. Thrasher the sum of $500. To support this charge the state examined G. J. Thrash-

er, who testified that he had a transaction with the defendant on February 13th, in which defendant stated that he owned some automobiles and applied to witness for a loan of $500. The state then over the objection and exception of defendant introduced a mortgage and note dated February 16th, describing the two automobiles alleged in the indictment, and reciting the ownership, and that there were no incumbrances. This note and mortgage purported to have been signed by the defendant. At the same time and over the defendant's objection, the state introduced three checks, on the Capital National Bank, dated February 16th, 17th, and 20th, payable to defendant, and aggregating $500. These checks were marked paid, and purported to have been indorsed by the defendant. Thrasher then testified that defendant stated to him "that he owned two automobiles, that he did not owe anything on them, and I took a mortgage on them," describing them; that he let defendant have three checks, being the same checks as those introduced in evidence. Margaret Boyd testified for the state that on February 16, 1917, she made out a mortgage and note for $500, which Foster signed and she witnessed. There was evidence tending to show that the defendant did not own the cars. The defendant in his testimony admitted getting the money on the three checks.

[1-3] Upon proper identification and proof that the defendant received the money called for by the checks, the checks were competent evidence as tending to show when and how the money was obtained. That it was not all obtained at one time is of no consequence if it was obtained by reason of the false pretense. Clark v. State, 14 Ala. App. 635, 72 South. 291. It was error to have admitted the checks, however, without proof that the defendant indorsed them, or had received the money on them, but this error was cured by the defendant's own testimony.

[4] But not so with reference to the mortgage. There is no evidence in the record that the defendant signed the mortgage introduced. Miss Boyd testified that she made out and witnessed a mortgage for $500. This mortgage is for $540. She does not testify, nor does Thrasher, that the defendant signed the mortgage admitted in evidence, and there is no admission by the defendant that he did so, nor was the mortgage self-proving. Without this proof, the court committed error in permitting the mortgage to go to the jury. Jones v. State, 113 Ala. 99, 21 South. 229. We are aware of the holding in the case of Meek v. State, 117 Ala. 116, 23 South. 155, to the effect that the admission of the mortgage in evidence would be error without injury, but that was a different case from the case here. There, it was the mortgage of other property not embraced in the indict-

ment; here, it was a description of the property itself, and coupled with a statement that the property was unincumbered. If he signed the mortgage, being informed of its contents at the time he arranged to get the money which he subsequently got, and the recitals were untrue, it would be evidence against him; but in order for the mortgage to be admissible, there must be evidence that the defendant signed it.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.