(97 South. 237)

## POLLOCK v. STATE. (4 Div. 747.)

(Court of Appeals of Alabama. Nov. 21, 1923. Rehearing Denied March 6, 1923.)

**1. False pretenses 38—Offenses of obtaining money by false pretenses and of obtaining signature to written instrument by false pretense separate and distinct.**

Under Code 1907, §§ 6920, 6921, the offenses of obtaining money by false pretenses and of obtaining the signature to written instrument by false pretenses are separate and distinct, and proof of the latter will not warrant conviction under count charging the former.

**2. Criminal law 878(3)—Finding of guilt as to specific counts of indictment constitutes acquittal as to others.**

Finding a defendant guilty on one or more specific counts of an indictment constitutes an acquittal as to the other counts.

**3. False pretenses 49(1)—Evidence held insufficient to sustain conviction for obtaining money by false pretenses.**

Evidence *held* insufficient to support a conviction for obtaining money by false pretenses.

Samford, J., dissenting.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

George Pollock was convicted of obtaining money under false pretense, and appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte State, Pollock v. State, 210 Ala. 69, 97 South. 240.

Counts 2, 4, and 5 of the indictment are as follows:

"(2) The grand jury of said county further charge that before the finding of this indictment George D. Pollock, being at the time an agent or an officer of the Peanut Products Corporation, a corporation, and while acting as such agent or officer in the sale or offer to sell a certificate or certificates of the capital stock of the said Peanut Products Corporation to one J. B. Martin, did falsely pretend to the said J. B. Martin, with intent to defraud, that the said Peanut Products Corporation had paid big dividends and was earning fifty to sixty per cent. on its output, and by means of such false pretense obtained from the said J. B. Martin his signature to a certain written instrument, in substance as follows, to wit, a promissory note for the sum of five hundred dollars payable to the said Peanut Products Corporation on, to wit, the first day of April, 1920, the false making of which is forgery."

"(4) The grand jury of said county further charge that before the finding of this indictment that George D. Pollock, being at the time an agent of an officer of the Peanut Products Corporation, a corporation, and while acting as such, in an offer to sell or sale of a certificate or certificates of the capital stock of the said Peanut Products Corporation, did falsely pretend to J. B. Martin, with intent to defraud, that the Peanut Products Corporation had paid

big dividends and was earning forty to sixty per cent. on its output, and by means of such false pretense obtained from the said J. B. Martin his signature to a certain written instrument in substance as follows, to wit, a promissory note for the sum of five hundred dollars payable on, to wit, the first day of April, 1920, the false making of which is forgery.

"(5) The grand jury of said county further charge that before the finding of this indictment that George D. Pollock, being at the time an agent or an officer of the Peanut Products Corporation, a corporation, and while acting as such agent or officer in the sale or the offer to sell to J. B. Martin a certificate or certificates of capital stock of the said Peanut Products Corporation, did falsely pretend to the said J. B. Martin, with intent to defraud, that the said Peanut Products Corporation had paid anywhere from forty to sixty per cent. since it had been organized, and by means of such false pretenses obtained from the said J. B. Martin his signature to a certain written instrument in substance as follows, to wit, a promissory note for the sum of five hundred dollars, payable to the said Peanut Products Corporation, on, to wit, the first day of April, 1920, the false making of which is forgery, against the peace and dignity of the state of Alabama."

Weatherly, Birch & Hickman, of Birmingham, for appellant.

A stock certificate is merely the evidence of ownership of stock, in a corporation. Comm. F. Ins. Co. v. Board of Rev., 99 Ala. 1, 14 South. 490, 42 Am. St. Rep. 17; 36 Cyc. 1305; 37 Cyc. 840. Where the statement or pretenses are averred in the conjunctive, the pretense or statement as charged must be proven to be false entirely. Ex parte Tidwell, 205 Ala. 254, 87 South. 626; Armstrong v. Montgomery S. Ry., 123 Ala. 246, 26 South. 349; B. R. & L. Co. v. Baylor, 101 Ala. 497, 13 South. 793; Sou. Ry. v. Lee, 167 Ala. 269, 52 South. 648; Meek v. State, 117 Ala. 116, 23 South. 155. Proof that defendant obtained a note for $500 will not sustain a charge of obtaining $500. Code 1907, §§ 6920, 6921; Bonner v. State, 8 Ala. App. 236, 62 South. 337; Sandy v. State, 60 Ala. 58; Hendrix v. State, 17 Ala. App. 116, 82 South. 564.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and W. W. Sanders, of Elba, for the State.

A variance curable by amendment must be raised by special objection. Circuit court rule 34; Shoults v. State, 208 Ala. 598, 94 South. 777. It is not necessary that all the allegations of pretense in the indictment and the falsity thereof be shown by the testimony. Beasley v. State, 59 Ala. 20; Bobbitt v. State, 87 Ala. 91, 6 South. 378; Pearce v. State, 115 Ala. 115, 22 South. 502; Woods v. State, 133 Ala. 162, 31 South. 984; Wilkerson v. State, 140 Ala. 155, 36 South. 1004; Gardner v. State, 4 Ala. App. 131, 58 South. 1001; Foote v. State, 16 Ala. App.

136, 75 South. 728. There is nothing in the contention that the indictment alleges the defendant obtained $500, while the testimony shows he got a note for that amount; it being shown the defendant was subsequently paid. Clark v. State, 14 Ala. App. 633, 72 South. 292; Wilkerson v. State, supra. It is immaterial that the money obtained was appropriated by the accused for the purpose for which it was intended. 25 C. J. 609; People v. Lennox, 106 Mich. 625, 64 N. W. 488; Reg. v. Byrne, 10 Cox, C. C. 369.

BRICKEN, P. J. The indictment under which appellant was convicted in the circuit court contained five counts. The first and third counts charged the defendant with the crime of obtaining $500 from one J. B. Martin, by means of false pretense. The second, fourth, and fifth counts charged that he obtained the signature of J. B. Martin to a certain written instrument, by false pretense.

The first and third counts were practically in Code form, charging the defendant with violating section 6920 of the Code 1907. The second, fourth, and fifth counts were, for practical purposes, in Code form, and charged the defendant with violating section 6921 of the Code 1907. In other words, the first and third counts charged one offense in varying forms. The second, fourth, and fifth counts charged another and different offense in varying forms. The defendant was thus put upon trial for two offenses—one for obtaining $500 from J. B. Martin by false pretense; the other for obtaining his signature to a written instrument or note.

[1] That the offense of obtaining money by false pretense and the offense of obtaining the signature to a written instrument are different offenses no argument or citation of authorities is necessary, other than sections 6920 and 6921 of the Code. The fourth count of the indictment is eliminated by nol pros.

[2] The verdict of the jury convicted the defendant under the first and third counts, the verdict so specifying. This, of course, was an acquittal of the defendant under the second and fifth counts, as certainly so as if the jury had so specified as to these counts. Finding the defendant guilty under one or more counts of the indictment is an acquittal as to the other counts. This is too well known and uniformly settled by all the courts and text-books on the subject to require citation of authorities.

[3] A careful examination of the record fails to disclose any evidence of the material fact charged in the first and third counts of the indictment—that the defendant obtained from J. B. Martin $500 or any other amount of money. There is some evidence in the record that he did obtain the signature of J. B. Martin to a written instrument or promissory note, as was charged in the indictment, but as to these counts the verdict of acquittal by the jury finally disposes of the offense

charged of obtaining the signature of Martin to a written instrument or note.

So the result is that this record discloses that the defendant was convicted of the offense charged in the first and third counts in the indictment, without any evidence whatever to support the material allegation that he obtained from J. B. Martin the sum of $500 by means of false pretense. If it should be conceded that the defendant did by false pretense obtain the signature of Martin to a written instrument or note, and the note was subsequently paid by Martin, as to which fact there is some evidence that the note was subsequently paid by Martin to the corporation, such proof would not support a conviction for obtaining money by false pretense.

The record in this case does not disclose any question of variance as to which the defendant should have specially called the attention of the trial court as required by the rules of the Supreme Court. The record in this case presents the question of entire failure of proof as to a material allegation in counts one and three of the indictment, and not a question of variance. The mere fact that the false pretense alleged in each of the counts was practically the same in each and in all of the counts in the indictment does not prevent the offenses charged in counts 1 and 3 from being entirely different from the offenses charged in the other counts.

As conclusive proof that the offenses are different, the statute fixes different punishments. Surely it cannot be contended that a defendant could be punished on a conviction for violating section 6920 of the Code by a punishment fixed for violating section 6921, when the punishment is different. There seems to be no express decision of this court, or the Supreme Court, on the question presented by this record, though there are analogous cases as to larceny, embezzlement, forgery, etc. We find express decision, however, of the Supreme Court of North Carolina, which state has statutes very similar to the statutes of this state on the subject. The case of State v. Gibson, twice reported, first in 169 N. C. 318, 85 S. E. 7, and on appeal in 170 N. C. 697, 86 S. E. 774, is a case exactly in point. The Supreme Court of North Carolina in that case held that a charge of obtaining money by a false pretense cannot be sustained by proving the fraudulent obtaining of a signature to a promissory note.

It therefore results necessarily that the verdict and judgment of the court below is erroneous, and that the trial court should have given the affirmative charge requested by the defendant as to counts 1 and 3 of the indictment. As the cause must be remanded, it is proper that the court should now decide that the verdict of the jury was an acquittal of the defendant of the offenses charged in counts 2 and 5 of the indictment.

Reversed and remanded.

SAMFORD, J. (dissenting). Eliminating the counts in the indictment that were either nol. prossed or eliminated by the verdict of the jury, the defendant stands convicted upon two counts as follows:

"The grand jury of said county charge that before the finding of this indictment that George D. Pollock, being at the time an agent or an officer of the Peanut Products Corporation, a corporation, and while acting as such agent or officer in the sale or offer to sell certificate or certificates of the capital stock of the Peanut Products Corporation to one J. B. Martin, did falsely pretend to the said J. B. Martin, with intent to defraud, that the said Peanut Products Corporation had paid big dividends and was earning fifty to sixty per cent. on its output and by means of such false pretense obtained from the said J. B. Martin five hundred dollars.

"The grand jury of said county further charge that before the finding of this indictment that George D. Pollock, being at the time an agent or an officer of the Peanut Products' Corporation. a corporation, and while acting as such agent or officer in the sale or offer to sell a certificate or certificates of the capital stock of the said Peanut Products Corporation to one J. B. Martin did falsely pretend to the said J. B. Martin with intent to defraud, that the said Peanut Products Corporation had paid big dividends and was earning forty to sixty per cent. on its output, and by means of such false pretense obtained from the said J. B. Martin five hundred dollars."

It is contended by the appellant that he is entitled to the general affirmative charge as to both of these counts and for convenience we deal with these questions as presented in brief, they being the only questions of merit presented for review.

It is first contended that it is charged that defendant sold "a certificate or certificates of the capital stock of the corporation," when the evidence shows that what he really sold was the capital stock represented by the certificates delivered. There is, in law, a technical difference between certificates of stock in a corporation and the stock itself. To the average mind, however, this is a distinction without a difference; the difference between "tweedledum and tweedledee." In common parlance, which is the language of indictments in this state, a charge that the defendant sold a certificate of shares in a corporation is equivalent to a charge that he sold stock in the corporation issuing the certificate, and meets the requirements as to the statement of the offense. Code 1907, § 7134.

It is next insisted that the probata and allegata do not correspond, and that therefore the defendant is entitled to the general charge as to both counts 1 and 3. The statement or pretense laid in the indictment and alleged to be false is:

"The said Peanut Corporation had paid big dividends and was earning fifty to sixty per cent. on its output."

This is an allegation of two separable facts, to wit, that the corporation had paid big dividends and that the corporation was earning 50 to 60 per cent. on its output. The proof of either one of these statements, coupled with the other essential facts, would be sufficient to sustain a conviction as against the contention that the allegations and proof did not correspond so as to prove the corpus delicti. Addington v. State, 16 Ala. App. 10, 74 South. 846; Beasley v. State, 59 Ala. 20; Foote v. State, 16 Ala. App. 136, 75 South. 728. The opinion in the case of Meek v. State, 117 Ala. 116, 23 South. 155, was undoubtedly based upon the assumption that the pretense charged was the statement of one inseparable fact and, therefore should have been proven as laid; otherwise, that opinion is in conflict with the later case of Woods v. State, 133 Ala. 162, 31 South. 984, which cites other Alabama cases, as well as all the pronouncements of this court on the subject. 11 R. C. L. p. 863; Bishop's New Crim. Proc. § 171; Gardner v. State, 4 Ala. App. 131, 58 South. 1001.

The proof made by the state of the pretense charged in the indictment was by the party alleged to have been defrauded, Martin, and one Fleming; the former saying, "He said that the Peanut Corporation was a paying business and had paid anywhere from forty to sixty per cent. dividend," and the latter testifying, "He told Mr. Martin in my presence that the corporation was earning big dividends and it was paying from forty to fifty and sixty per cent. dividends." The pretense alleged need not be proven in the precise words laid in the indictment; entire verbal accuracy is not required. It is essential that the idea conveyed by the defendant and that set forth in the indictment must correspond. 11 R. C. L. 863, § 46; State v. Vanderbilt, 27 N. J. Law, 328. From the testimony above given for the state, and applying the rule above set out, we conclude that there was not such a variance as to entitle the defendant to the general charge.

It is further contended that the defendant was entitled to the general charge, because the indictment alleged that "by means of such false pretenses obtained from the said J. B. Martin $500," when the proof showed that at the time of the transaction the defendant obtained a note from Martin, due at a future date and payable to the corporation, for whom he was acting as agent. While the defendant did testify that he received none of the proceeds of the note, there was sufficient evidence from which the jury might conclude that he was the agent of the corporation in obtaining the note which was subsequently paid to the corporation in completion of the transaction. The gravamen of the offense is in making the false pretense, with the intent to defraud, and the offense is consummated when, with such intent, he obtains from Martin the $500—whether for himself or another is of no moment. Carroll v. State (Ala. App.) 94 South. 194; [1] 25 Corpus Juris, p. 609. But if it were necessary to prove that defendant received a benefit from the transaction, there is evidence from which the jury might draw this conclusion. The material inquiry is, Was the representation made? The state's testimony tends to prove that it was. Was the representation false? If it was made, it was admittedly false. Was it made with the fraudulent intent? The question was for the jury under the facts, Did Martin, relying upon the false statement, either wholly or as a moving inducement, part with his money either to the defendant or to some one to whom it was by the transaction stipulated to be paid? The testimony on this last question tends to prove that at the time of the false representation and sale of the stock Martin signed a promissory note for $500, the agreed purchase price of the stock, payable to the corporation, and to which was attached the stock certificate; that this note was deposited in the bank to the credit of the corporation, and before learning of the falsity of the representation was paid by Martin. It is not necessary to a conviction under this charge that the money should have been paid at the time of the representation; it is sufficient if the promise to pay arose at that time and in consummation of the transaction the money was subsequently paid. Clark v. State, 14 Ala. App. 633, 72 South. 291; Wilkerson v. State, 140 Ala. 155, 36 South. 1004; Foster v. State, 16 Ala. App. 459, 78 South. 722; Id., 16 Ala. App. 458, 78 South. 721.

The case of Hendrix v. State, 17 Ala. App. 116, 82 South. 564, is not sound and is not borne out by the authorities cited therein. The Carr Case, 104 Ala. 43–45, 16 South. 155, was a charge of embezzlement where a check on a foreign bank had been placed in the hands of defendant for collection and by him sent on through the banks for collection, and the proceeds never coming into his hands. Gober's Case, 140 Ala. 153, 37 South. 78, was a charge of posting obscene literature; Dennison's Case was a charge of perjury. The holding in the Hendrix Case is in conflict with the adjudications of this court and the Supreme Court, and should be expressly hereby overruled.

The rulings of the court upon the admission of testimony were without error, and upon the whole evidence the question of the guilt or innocence of defendant was properly submitted to the jury.

The foregoing are the views of the writer, but the other members of the court disagree, and the majority opinion will be prepared by one of them.

---

[1] 18 Ala. App. 649.

On Rehearing.

BRICKEN, P. J. It is seriously insisted, on application for rehearing, that the evidence authorized the jury to find the defendant guilty of obtaining money under false pretense, in that he obtained a signature to a promissory note by false pretense and that the note was paid. A complete answer to this contention is that the jury found the defendant not guilty as to obtaining the signature to the note by false pretense. If he did not obtain the signature to the note by false pretense, as the jury found, then he could not have obtained the money by false pretense; there being no evidence that he obtained anything as charged, except the signature to the promissory note, and the jury found by their verdict he did not obtain it by false pretense.

If the state's contention and insistence be true, the defendant must have obtained the signature to the note by false pretense, and the jury found by their verdict that he did not so obtain the signature to the note as charged.

Application overruled.