146 So. 539

## BAUER v. STATE.

### 6 Div. 101.

Court of Appeals of Alabama.

Feb. 28, 1933.

Harris Burns, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The indictment preferred against appellant contained two counts. The court, however, charged out the second count, and the case was given to the jury on the first count only. That count charged, omitting formal parts, that George D. Bauer, being at the time an officer, to wit, vice president of E. P. Allen & Co., Inc., a corporation embezzled or fraudulently converted to his own use money to about the amount of $2,162.55, which came into his possession as such officer, etc. The indictment, so far as this count is concerned, is substantially in Code form, and is therefore sufficient. Jurzak v. State, 19 Ala. App. 290, 97 So. 178. The demurrer was properly overruled.

On the trial of this case, it being admitted that the defendant was an officer, to wit, vice president of E. P. Allen & Co., Inc., a corporation, the only issue was whether or not as such officer he embezzled, or fraudulently converted to his own use, the money as charged in the indictment.

Appellant, through his able counsel, earnestly insists that the trial court erroneously failed to confine the inquiry to the issue announced, and erred in numerous instances upon the admission of evidence by permitting the state to pursue an almost unlimited scope. and by allowing in evidence a vast amount of irrelevant, incompetent, illegal, and hearsay testimony which under the elementary rules of evidence was clearly inadmissible.

The first witness examined by the state was E. P. Allen, whose testimony, together with certain exhibits introduced in connection therewith, covers more than twenty-five pages of the transcript. He testified that he was president of E. P. Allen & Co., Inc., but was not in active charge of its brokerage business, and stated: "Up until July 1930, Mr. George D. Bauer was actively

356

in charge of the business. J was at that time also connected with the E. P. Allen Company which operated a tire business, and I devoted practically all of my time to that, but I came by the merchandise brokerage place every morning and stay there about an hour and a half or two hours." Over objection and exception of defendant, this witness was permitted to testify as to numerous matters clearly not within his own knowledge. The first insistence of error is predicated upon the ruling of the court in admitting in evidence, in connection with this witness' testimony, certain loose-leaf ledger sheets on which were shown the daily debits, credits, and extensions, etc. The ledger sheets were not prepared by this witness or under his direction. It is apparent that he had no personal knowledge of the contents of these sheets, their authenticity or correctness; for this reason he should not have been permitted to give testimony as to the sheets and their contents or entries. All of his testimony, in this connection, was hearsay pure and simple, and the several exceptions to the court's rulings as to this appear to be well taken. Moreover, as contended by appellant, "these ledger sheets threw no legal light on the case and could be nothing but insinuating innuendo that the defendant was guilty because the alleged various cash transactions shown by the checks were not posted on these ledger sheets introduced." In addition to the foregoing witness, Allen testified "that these purported cash transactions would not be on the ledger accounts." In Butler v. State, 17 Ala. App. 511, 85 So. 864, 865, the court held that "Evidence [to be admissible] must be confined to the points in issue, and facts and circumstances which when proven are incapable of affording any fair, just, and reasonable presumption or inference, in reference to a material fact or inquiry involved in the issue, cannot be given in evidence."

The second contention of appellant is that the trial court erred in admitting in evidence a large number of checks over the objection and exception of the defendant. This point is also well taken. The indictment charged the defendant with the embezzlement of money, not checks, and the inquiry in this connection should have been confined to the question as to whether or not the alleged money came into the possession of the defendant as the vice president of the company named; and, further, Did he embezzle or fraudulently convert to his own use such money? Certainly if an accused should embezzle a horse, or other property, and afterwards convert the property into money, a prosecution could not be sustained for the embezzlement of the money. In this case, the court charged the jury that as a matter of law an indictment charging the embezzlement of money is not sustained by proof of

embezzlement of checks only. This is a correct statement of the law, and has been many times so decided. Carr v. State, 104 Ala. 43, 16 So. 155. Hendrix v. State, 17 Ala. App. 116, 82 So. 564. Pruitt v. State, 21 Ala. App. 113, 105 So. 429. Mitchell v. State, 23 Ala. App. 194, 122 So. 601. Pollock v. State, 19 Ala. App. 156, 97 So. 237. Ex parte Pollock, 210 Ala. 69, 97 So. 240. Brown v. State (Ala. App.) 141 So. 725.[1] It cannot be said that the introduction in evidence of the checks, twenty-nine in number, was without injury, for it would appear that the jury based its verdict upon the checks, as the aggregate amount of the checks is in line with the amount stated in the verdict of the jury. The amount, so contained in the jury's verdict is not in accord with the evidence of the state as to certain moneys paid to defendant, as testified to by witness Friedman the only witness upon the trial who gave evidence as to money being received by the defendant from any source.

The purpose of the state in having the witness Friedman to testify as to numerous stubs in a check book is not apparent. This evidence was irrelevant and inadmissible and manifestly largely hearsay. It should not have been admitted over the objections and exceptions of defendant.

The court should have granted the motion for a new trial.

There are other insistences of error, but need no discussion, as it is not necessary to a decision in this case.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

