191 So. 389

### O'BRIEN v. STATE.

4 Div. 498.

Court of Appeals of Alabama.

May 9, 1939.

Rehearing Denied May 23, 1939.

Reversed on Mandate Oct. 3, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

The indictment on which this appellant was put to trial was (omitting formal parts) in words and figures as follows, to-wit: "The Grand Jury of said County charge that before the finding of this Indictment that J. Fred O'Brien whose name is to the Grand Jury otherwise unknown, did falsely pretend to The First National Company, Inc. of Troy, Alabama, with intent to defraud, that on the 24th, day of May, 1937, J. Fred O'Brien, doing business as, Fred O'Brien Motor Company, had sold one new 1937 model. 6 cylinder, General Motors Pickup Truck, model letter or number T-14-a, Motor no. T42395, manufacturer's serial no. 19330, to J. T. Thames, and that a conditional sale contract was taken on said truck by the said J. Fred O'Brien, doing business as, Fred O'Brien Motor Company, from the said J. T. Thames, and that title to said truck was at the time of sale and was then vested in the said J. Fred O'Brien, doing business as, Fred O'Brien Motor Company, free of all liens and encumbrances, and, by means of such false pretense, obtained from the said The First National Company, Inc. of Troy, Alabama, Four Hundred and Sixty-Nine Dollars, against the peace and dignity of the State of Alabama."

The evidence offered on behalf of the State—not seriously, if at all, controverted by that on behalf of appellant—tended to prove the allegations of the indictment, as laid. (If what we say hereinafter is true).

The single fault found by the defendant on the trial below (and renewed by him as appellant, here) was that, whereas the indictment charged that he "obtained from the said First National Company, Inc. of Troy, Alabama, *Four Hundred and Sixty-Nine Dollars*," the evidence showed only that he actually obtained "a *check* in the amount of $869.00, of which amount $461.-00 ($469.00) was the payment for the conditional sales contract in question and the remainder being for two other contracts." And that this fact constituted a fatal variance between the allegations of the indictment and the proof offered on the trial.

Appellant stoutly relies upon the holding by this court in the case of Hendrix v. State, 17 Ala.App. 116, 82 So. 564, and others in other of our cases following the Hendrix case—notably Pollock v. State, 19 Ala.App. 156, 97 So. 237, certiorari denied Id., 210 Ala. 69, 97 So. 240—as supporting his contention that he was entitled to have the jury given at his request the general affirmative charge to find in his favor, for the reason mentioned in the last sentence of the next preceding paragraph of this opinion.

And, we may say, the holding in the said Hendrix case does squarely support his contention.

But it is wrong; and now, we believe, is as good a time as another to overrule same.

First, let it be said that appellant's own testimony on the trial below, in the regard under examination, was as follows, towit: "I gave Mr. Perkins (the agent of the First National Company, Inc.) the conditional sales contract testified about, and Mr. Faulk the one he testified about."

And here, let it be borne in mind, the theory of the State—not seriously opposed; as noted hereinabove—was that appellant, after selling the contract referred to to Mr. Faulk, later sold the same contract to the First National Company, Inc. And that it was without dispute that the two contracts were on the same truck—all as described in the indictment.

Appellant further testified: "I got a check for that paper (the contract referred to). Yes, I got money on the check." And further: "I deposited the check in the Enterprise Banking Company to my account. The check did not come back."

So we again have definitely before us the question of whether or not the first

headnote to the report of the case of Hendrix v. State, supra, in 17 Ala. App., at page 116, 82 So. at page 564, which headnote reflects accurately the holding in the opinion, is "true or false."

Said headnote is: "An indictment charging that accused by certain false pretenses obtained $500 is not sustained by proof that he secured a check for $500." It being kept in mind that accused did "cash the check," and thus obtain the money.

We agree with the sentiments expressed by the Supreme Court of Colorado in the opinion in the case of Arnett et al. v. People, 91 Colo. 56, 11 P.2d 806. There, the accused made some false representations to one Cross. The "information" charged them with obtaining *money;* but the proof showed they actually obtained Cross' *check*(s) *for* the money—later "cashing the check(s)" and *obtaining* the money. The court said: "It is further urged that the evidence is insufficient to support the verdict because defendants received checks and not money. They received checks and Cross' money [was] thereby authorized to be paid. In these circumstances, it *would seem ridiculous* to hold that such variance between allegation and proof constitutes reversible error." (Italics ours).

We are not unaware of the force of the remarks of the learned judge of this court —now a distinguished justice of the Supreme Court—who wrote the opinion in the Hendrix case, supra. But we think he was only optimistic in assuming that the decisions of our Supreme Court which he cited therein supported his primary pronouncement.

We have examined each of them. And we find ourselves in harmony with the views of Judge Samford, as expressed in his dissenting opinion in the case of Pollock v. State, supra, towit [19 Ala. App. 156, 97 So. 239]: "The case of Hendrix v. State 17 Ala. App. 116, 82 So. 564, is not sound and is not borne out by the authorities cited therein."

In fact, we have been unable to find (and none has been cited to us) any decision by our Supreme Court holding as was held by this court in the Hendrix case mentioned.

True, certiorari was denied by the Supreme Court in the case of Pollock v. State, supra. And the *majority* opinion of this court in that case—upon which the ruling by the Supreme Court was based—does seem to squarely follow the ruling in the Hendrix case.

But our Supreme Court has said that by denying writ of certiorari to this court in any given case it does not mean, thereby, to approve everything in the opinion by this court in the said case. And for all we *know* that court may not, by its action in the said Pollock case have intended to approve the holding in question.

At any rate the matter is open to enough doubt to cause us not to hesitate to rule so that the Supreme Court may re-examine the matter. As it was, the decision in the said Pollock case was over the able protest of one of the members of *this* court; who was supported in his views, when the case was before the Supreme Court on petition for certiorari, by the powerful dissent of three members of *that* court.

So we do not feel that Code 1923, Sec. 7318, to the effect that "the decisions of the supreme court shall govern the holdings and decisions of the court of appeals," precludes our dealing with the question before us on the basis, only, of our own prior decisions.

And we now find ourselves, as already stated, of a mind with Judge Samford when he delivered himself as hereinabove quoted in the case of Pollock v. State, supra. And exercising our own optimism, to believe that the ruling by our Supreme Court on the petition for certiorari in the said Pollock case does not serve to throw the provisions, quoted, of Code 1923, Sec. 7318, in our path, we here and now declare that the decisions, specified, in our cases of Hendrix v. State, supra; in Pollock v. State, supra; and all their several progeny, are, and ought to be, overruled and set at naught. See Updike v. People, 92 Colo. 125, 18 P.2d 472; State v. Stevens, 48 Idaho 335, 282 P. 93; State v. Sheehan 33 Idaho 553, 196 P. 532; State v. Joseph, 115 Ohio St. 127, 152 N.E. 186; and Wimer v. State, 120 Tex.Cr.R. 576, 48 S.W.2d 296, 303.

The testimony being as we have hereinabove quoted, we adopt, and use as our own, the language,—so industriously sought out and brought to our attention in his brief, by the Attorney General representing the State on this appeal—of the Court of Criminal Appeals of Texas in the opinion in the case of Wimer v. State, supra, towit: "It is looking to form

42

rather than substance, to technicality rather than fact, to say that one who obtains the money of another by false pretenses, through the instrumentality of a check of the party defrauded, *upon which he receives the money,* obtains only the check and not the money." ·(Italics supplied).

The rulings of the trial court on the matter discussed were in accordance with what we have written.

· No other questions apparent seem worthy of mention.

We find no error, and the judgment is affirmed.

Affirmed.

BRICKEN, Presiding Judge (dissenting).

I cannot concur in the foregoing opinion., The conclusion reached, and the discussion indulged in support thereof, are in direct conflict with innumerable decisions of the appellate courts of this State, notably, Carr v. State, 104 Ala. 43, 16 So. 155; Hendrix v. State, 17 Ala.App. 116, 82 So. 564; Pruitt v. State, 21 Ala.App. 113, 105 So. 429; Mitchell v. State, 23 Ala. App. 194, 122 So. 601; Brown v. State, 25 Ala.App. 117, 141 So. 725; Bauer v. State, 25 Ala.App. 355, 146 So. 539; Pollock v. State, 19 Ala.App. 156, 97 So. 237, Certiorari denied, Pollock v. State, 210 Ala. 69, 97 So. 240.

PER CURIAM.

Reversed and remanded on authority of O'Brien v. State, 238 Ala. 189, 191 So. 391.