142 So.2d 663

**Helen CHRISTISON**

v.

**STATE of Alabama.**

**7 Div. 588.**

Supreme Court of Alabama.

Nov. 15, 1960.

GOODWYN, Justice.

Response to Question Certified by the
Court of Appeals

We have received the following communication from the Judges of the Court of Appeals certifying to us, under the provisions of Code 1940, Tit. 13, Sect. 88, a question of law as to which said Judges differ, to-wit:

"There is now pending in the Court of Appeals of Alabama the appeal of Helen Christison v. State of Alabama, 7 Div. 588 [142 So.2d 666], from a judgment of conviction in the Etowah Circuit Court finding her guilty under a general verdict. The cause below was submitted to a petit jury in April, 1959, on counts 1 and 3 of an indictment handed down November 5, 1954. Count 1 of the indictment charged the forgery of a certain check signed by Miss Christison as Custodian of Etowah County School Funds, payable to Clorene C. Hallmark. Count 3 reads as follows:

" 'The Grand Jury of said County further charges that before the finding of this Indictment Helen Christison, alias Helen A. Christison, whose name to the Grand Jury is otherwise unknown than as stated, the Custodian of Etowah County School Funds, and being then and there entrusted with the disbursement of money or funds belonging to the Board of Education of

Etowah County, Alabama, did embezzle or convert to her own use, or to the use of another, a bank check in the amount of $225.00, and of the value of $225.00, drawn by the said Helen Christison, alias Helen A. Christison, as Custodian of the Etowah County School Funds, made payable to Clorene C. Hallmark, and drawn on the American National Bank of Gadsden, Alabama, a national banking association chartered by the Federal Government through the office of the Comptroller of the Currency, which said bank check had come into her possession by virtue of her public office or public trust, as aforesaid, contrary to law and against the peace and dignity of the State of Alabama.' (R. p. II.)

"Before trial on the merits of the indictment, the defendant pleaded autrefois acquit by reason of her acquittal on a prior trial in December, 1957, on an indictment handed down by the same grand jury on, to-wit, November 5, 1954. Count 2 of that indictment had accused her as follows:

" 'The Grand Jury of said County further charges that before the finding of this Indictment, Helen Christison, alias Helen A. Christison, whose name to the Grand Jury is otherwise unknown than as stated, the Custodian of Etowah County School Funds, and being then and there entrusted with the disbursement of money or funds belonging to the Board of Education of Etowah County, Alabama, did embezzle or convert to her own use, or to the use of another, $250.00, lawful United States Currency, which said money had come into her possession by virtue of her public office or public trust, as above set out, contrary to law and against the peace and dignity of the State of Alabama.' (R. pp. VII, 5 and 6)

"In the course of the trial of the issue of former acquittal, the defendant offered a stipulation, paragraph 1 of which reads:

" 'That on, to-wit, December 9, 1957, the defendant was placed on trial in Case No. 4354, and on December 12, 1957, the Jury returned a verdict of not guilty. That the case was submitted to the Jury on all three counts contained in the Indictment.' (R. p. 21.)

"Obedient to the trial judge's peremptory instruction, the jury returned a verdict in favor of the State. The court entered judgment accordingly, deciding the issues 'in favor of the State on Defendant's Pleas of Abatement 3, 4, 6 and 7, separately and severally, as to Counts 1 and 3 of the Indictment, separately and severally.' (R. p. XIII.)

"Both views in this court assume the correctness of Eastep v. State, 25 Ala.App. 593, 151 So. 616, for the proposition that an indictment couched in general terms averring the embezzlement of a sum of money, unless the indictment itself states otherwise in particular, is conclusively deemed to have embraced in its accusation all peculations pre-existing from the time of the sitting of the grand jury back through such period as is not barred by the statute of limitations.

"So that, in this instance, under the above rule, both indictments having been returned by the same grand jury are presumed to operate within the same period of time.

"Count 1 of the instant indictment is considered to be nonpertinent to this inquiry, since it clearly specifies a nonrelated crime, i. e., forgery.

"It is also assumed without disagreement that the proper test for a plea of double jeopardy is that specified in the Eastep case, supra, taken from Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672:

" ' "A former acquittal is no bar to a subsequent prosecution, unless the accused could have been convicted upon the first indictment upon proof of the facts averred in the second." Hall v. State, 134 Ala. 90, 115, 32 South. 750; Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496; People v. McDaniels, 137 Cal. 192, 69 Pac. 1006, 56 L.R.A. 578, 92 Am.St.Rep. 81, note page 105.

"'As stated by Mr. Freeman in the note referred to (92 Am.St.Rep. 107, c): "Under this test it is the facts which are alleged in the two indictments, and not the testimony given in either, by which the identity of the offenses is to be determined. Accordingly it is held immaterial that the evidence relied upon to support the second charge was, in fact, introduced on the trial of the first. The criterion is not what testimony was introduced, but what might have been, and the determinative feature is whether the facts alleged in one charge would support a conviction under the other."' See also Campbell v. State, 246 Ala. 286, 20 So.2d 878.

"With respect to count 2 of the indictment on former acquittal, it is noted that the amount there charged to have been embezzled w; ʃ $250.00, whereas the amount of the Hallmark check in count 3 of the instant indictment is specified as $225.00. It is assumed, for the purposes hereof, that proof of the lesser amount would support the charge of the greater. Kersh v. State, 26 Ala.App. 15, 153 So. 284 (charge 28); Troup v. State, 32 Ala.App. 309, 26 So.2d 611.

"The division of this court occurs as to whether, under the wording in count 2, embezzlement of '$250.00 lawful United States Currency' could have been proved by showing embezzlement of a *check* for $225.00. 31 U.S.C. (1958 Ed.), § 462, specifies what is legal tender. Cf. U. S. Constitution, Art. I, § 8, cl. 5 and § 10, cl. 1; 36 Am.Jur., Money, §§ 12, 13.

"On the one side, there is a long line of decisions approved in O'Brien v. State, 238 Ala. 189, 191 So. 391, to the effect that an allegation of embezzlement of 'money' is not supported by proof of embezzlement of a check. Carr v. State, 104 Ala. 43, 16 So. 155; Pruitt v. State, 21 Ala.App. 113, 105 So. 429; Brown v. State, 25 Ala.App. 117, 141 So. 725; Bauer v. State, 25 Ala.App. 355, 146 So. 539. Cases of false pretenses, such as O'Brien v. State, 29 Ala.App. 39,

191 So. 389 (rev'd. op. cit., supra), and Pollock v. State, 19 Ala.App. 156, 97 So. 237, cert. den., 4–3, 210 Ala. 69, 97 So. 240, have occasioned the appellate courts more difficulty.

"In contrast, we find Simmons v. State, 242 Ala. 105, 4 So.2d 905 (a false pretense case) wherein Gardner, C. J., expressed his regret in having acquiesced in the O'Brien decision. In Christison v. State, 39 Ala.App. 175, 96 So.2d 701 (reversed because of a separation of the jury), this court expressly stated, by way of guidance on remandment, that count 2 in an indictment by the same November, 1954, grand jury, the wording of which count is verbatim (except as to amount) that employed here, would not be varied from by proof of Miss Christison's making out a check to herself and depositing the proceeds in her own bank account and afterwards changing the name of the payee and of the endorser. It was contended (p. 177):

"'* * * there was absolutely no evidence introduced to prove that the defendant embezzled or converted to her own use any United States Currency, but to the contrary, the entire body of the evidence dealt with the alleged forgery and/or embezzlement of certain bank checks.'

"In the course of the opinion, the language of Chief Justice Gardner in Simmons v. State, supra, was quoted with approval.

"The Judges of the Court of Appeals being unable to reach an unanimous conclusion on the appeal now before us, under authority of Code 1940, T. 13, § 88, we hereby certify to your Honorable Court the following question:

"Is proper proof of a verdict of 'not guilty' on an indictment charging

" 'The State of Alabama �️ Circuit Court
——— County ⎦ Fall Term, 1954
*     *     *     *     *     *

" 'Count Two

" 'The Grand Jury of said County further charges that before the finding of

**4**

this Indictment, A. B., whose name to the Grand Jury is otherwise unknown than as stated, the Custodian of —— County School Funds, and being then and there entrusted with the disbursement of money or funds belonging to the Board of Education of —— County, Alabama, did embezzle or convert to his own use, or to the use of another, $250.00, lawful United States Currency, which said money had come into his possession by virtue of his public office or public trust, as above set out, contrary to law and against the peace and dignity of the State of Alabama.'

sufficient, when properly pleaded, to preclude (because of putting the defendant in double jeopardy under Constitution, § 9) a prosecution on an indictment returned by the same grand jury, which indictment reads:

" 'The State of Alabama ⎫ Circuit Court
—— County ⎭ Fall Term, 1954

\*      \*      \*      \*      \*      \*

" 'Count Three

" 'The Grand Jury of said County further charges that before the finding of this Indictment A. B., whose name to the Grand Jury is otherwise unknown than as stated, the Custodian of —— County School Funds, and being then and there entrusted with the disbursement of money or funds belonging to the Board of Education of —— County, Alabama, did embezzle or convert to his own use, or to the use of another, a bank check in the amount of $225.00, and of the value of $225.00, drawn by the said A. B., as Custodian of the —— County School Funds, made payable to C. D., and drawn on the —— National Bank of ——, Alabama, a national banking association chartered by the Federal Government through the office of the Comptroller of the Currency, which said bank check had come into his possession by virtue of his public office or public trust, as aforesaid, contrary to law and against the peace and dignity of the State of Alabama.' "

### Reply to Certified Question

Our view is that the question should be answered in the negative on the authority of O'Brien v. State, 238 Ala. 189, 191 So. 391, 392, awarding certiorari to the Court of Appeals and reversing the judgment of that court in O'Brien v. State, 29 Ala.App. 39, 191 So. 389. It is to be noted that in the case of Simmons v. State, 242 Ala. 105, 4 So.2d 905, 906, there was involved a deposit slip instead of a check. While it might be argued, with some merit, that there is, in practical effect, no difference between a deposit slip and a check as being the instrumentality through which a party might receive money on deposit in a bank, we are not inclined to say that O'Brien v. State, supra, and the cases there relied on, should be overruled. Indeed, in that case all the Justices concurred in holding that "the cases cited by Judge Bricken in his dissent should not be overruled", although Chief Justice Gardner, in Simmons v. State, stated that he had "lived to regret" his acquiescence.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.