(134 So. 36)

## WHITLOW v. STATE.

### 4 Div. 792.

Court of Appeals of Alabama.
April 21, 1931.

Cope & Cope, of Union Springs, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of obtaining property by false pretenses. Code 1923, § 4131.

The indictment was not due to be quashed --neither were the demurrers to it due to be sustained—on the grounds assigned in the motion to quash, and in the demurrers interposed, all said grounds taken together, amounting to no more than that "the indictment does not conclude against the peace and dignity of the State of Alabama."

■ The said indictment did conclude "against the peace and dignity of Alabama," and, since "the State of Alabama" is named in the caption of same, the manner of its conclusion, noted, was sufficient. Atwell v. State, 63 Ala. 61.

There were no difficult, or involved, issues in the case. No discussion by us is needed. The opinion by the Supreme Court in the case of Meek v. State, 117 Ala. 116, 23 So. 155, together with that in a number of both earlier and later cases, in harmony therewith, makes the method of the trial of such cases very plain.

■ It is manifest, and, in fact, the learned trial judge indicated as much, by his later remarks to the jury, that the testimony admitted, over appellant's objection (with due exception reserved) as to the, what we will term "row" between the witness F. M. Mosely, the president of the bank alleged to have been defrauded, and the appellant, a negro, occurring something like a year after the transaction about which appellant was on trial, was irrelevant, incompetent, and illegal.

■ Knowing, as we do, the location of the place of trial to be in the heart of Alabama's justly famed "Black belt," and the record disclosing the state's star witness, and the one involved, directly, in the transaction, to be the president of a leading bank in the locality—and an Anglo-Saxon—it is, we think, obvious, that the admission of such irrelevant testimony as that, by said bank president, to the effect that appellant, the negro, said to him long after the transaction on which the prosecution was based, such things as that "he was getting God damned tired of white men fooling with him" and, "for us (said bank president witness) to get what we could get there and get away damned quick," etc., and the refusal to exclude such as that by the said bank president's companion on the trip to appellant's place, where the above-quoted statements were alleged to have been made, which was a voluntary statement by him, in answer to a question put to him on cross-examination as to whether or not he "looked around (appellant's premises) to see whether or not he could find any property (meaning property covered by a mortgage given by appellant etc.)," to wit, "Why, we couldn't and him (appellant) with a Winchester in the house there; we had short guns and he had a long one, Judge," was so injurious to appellant's cause, as to make it next to, if not quite, impossible for the court, by anything it could do, to eradicate the harmful effects. True, the court did make an effort near the close of the trial, sincere, as appears, to effectually exclude from the jury's consideration the said testimony. But, in the first place, as intimated, we do not believe that anything the court might have done, or said, would have been sufficient to relieve defendant's cause of the prejudice that had been, erroneously, done it. Whether that is so, or not, we are clear to the conclusion that, even after the court had made the statement to the jury that it did make, there yet, in the nature of things, was bound to be in their minds some illegal prejudice toward the appellant. Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann. Cas. 1916E, 565; Maryland Casualty Co. v. McCallum, 200 Ala. 154, 75 So. 902.

Appellant's motion to declare a mistrial, and to continue the cause, because of the admission of testimony of the nature indicated above, and the refusal to promptly and effectually exclude same, should have been granted, and, for the error in its refusal, the judgment of conviction is reversed, and the cause remanded.

There are other errors apparent, but they will not be treated. The case of Meek v. State, supra, and others in line therewith, will prove an adequate guide for another trial.

Reversed and remanded.