153 So. 284

## KERSH v. STATE.

### 6 Div. 318.

Court of Appeals of Alabama.

Sept. 12, 1933.

Rehearing Denied Nov. 7, 1933.

Crampton Harris, of Birmingham, and Foster, Rice & Foster and J. M. Ward, all of Tuscaloosa, for appellant.

**16**

Thos. E. Knight, Jr., Atty. Gen., and Edward de Graffenreid, of Tuscaloosa, Solicitor for the State.

SAMFORD, Judge.

The defendant was clerk of the city of Tuscaloosa from 1922 until his resignation from the office in March, 1931. During that period it was his duty to keep the books of the municipality, and to collect and turn over to the treasurer all moneys due the city from taxes and other sources. During the period of his incumbency in office, this defendant received many thousands of dollars due the city from taxpayers and others; the various transactions constituting several thousand items of debit and credit. After the defendant was out of office, his books and accounts were audited by several competent accountants, viz., Jamison, Solomon, Scrivens and Knight. This audit covered and included all of the books kept and used by defendant in the conduct of his office as city clerk of the city of Tuscaloosa, except Receipt Book, Serial No. 2400, which could not be found.

The result of this audit disclosed an aggregate deficit of some $16,000, and there was evidence tending to prove, or facts from which inferences might be drawn, that the money represented by this ascertained deficit had been fraudulently taken by this defendant and converted to his own use.

The record in the case is very voluminous consisting of more than 400 pages of transcript and filled with copies of books, papers, deposit slips, together with the oral testimony of numerous witnesses to which hundreds of objections and exceptions have been noted. To analyze and comment upon the particular evidences tending to connect this defendant with the crime charged or to pass upon, seriatim, the exceptions reserved, would entail a labor and an opinion so extended as would not be justified on this appeal. And so we are content to follow the suggestions found in brief of appellant's counsel and confine our opinion to the points discussed in appellant's brief, except as it will otherwise appear in this opinion.

We shall first say, however, that the cause was laboriously and carefully tried, with rulings clearly and fairly made, presenting for review all of the material questions in the case and in none of these rulings do we find error to the prejudice of defendant's cause.

Taking the evidence as a whole, we are clear to the conclusion that there was sufficient evidence as to every material element of the offense charged and of defendant's guilty agency within three years before the finding of the indictment to justify a verdict of guilt, and therefore the several written charges requesting an instruction of acquittal were properly refused.

The main insistence of appellant is that the court erred in permitting the witness Jamison to testify as to conclusions arrived at by him through calculations made from the books kept by defendant when he had not examined those books item by item, but in some instances had taken totals made by other auditors in reconciling balances. An accountant who has examined certain books and schedules which have been introduced in evidence may state the results of his computations therefrom. Brown v. U. S. (C. C. A.) 142 F. 1; Crawford v. Roney, 126 Ga. 763, 55 S. E. 499. In this state the rule is stated to be: "In the cases where it is impracticable or impossible for the court to make an examination of a large number of instruments, entries, or records, a competent witness may make such examination and present his conclusions thereon to the court." Sov. Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686, 692.

There could hardly be found a better illustration of the necessity for the rule than in the present case. The books of the city covered a period of nine years, several different departments and accounts, thousands of items, showing the financial dealings of the city. All of these books were in evidence and each item identified either by the witness Jamison or some other witness with a knowledge of the facts to which they testified. The testimony of Jamison was based upon facts within his knowledge as having been ascertained from the books of the city, the bank deposits, or receipts given to individuals. The examination of the witness Jamison was well within the rule above quoted and in the various rulings of the court on this point we find no reversible error. The cases of Bauer v. State (Ala. App.) 146 So. 539,[1] and Edwards v. State, 22 Ala. App. 34, 111 So. 765, in no way conflict with the decision here.

The testimony of the witness Solomon comes under the rule as above stated. Solomon was a certified public accountant. He made a minute examination of certain of the books in evidence. He did not pretend to

---

[1] 25 Ala. App. 355.

testify as to the correctness of any item, except as it appeared in the books examined by him and as to certain items which appeared as having been collected and an absence of a corresponding charge against this defendant, which should have appeared in each instance. The whole of Solomon's testimony related to the books and papers connected with defendant's acts as city clerk and what was shown by the books, and nowhere does he attempt or was he permitted to testify to a conclusion not drawn from calculations made by him from data relating to the accounts of the city. A witness qualified as a certified public accountant may testify as to what he knows regarding a set of books with which he is familiar, and from these books may make additions and subtractions of figures and testify as to the result of such calculation. He may also testify, if he knows, that certain items and amounts for which receipts had been given did not appear in the cash book, where it was proper to make such entry and where the entry should have been made.

The examination of both Jamison and Solomon were well within the above-stated rule, and we find no reversible error of the court as to any of its rulings in this particular.

■ It is true that in the examination of the above witnesses there could be taken an isolated question and answer, here and there, by which the witnesses had been permitted to testify to an unwarranted conclusion, as, for instance, a question by the solicitor to the witness Solomon: "I want to know if he (Kersh) charged himself with any cash when he made an entry in the ledger?" Answer: "He did not." This witness had qualified both as to an expert and his familiarity with the books of the city kept by defendant, and his whole testimony was with reference to knowledge gained from the books and not otherwise. In examinations of this kind courts will not quibble over the form of a question, that error may be found. On the contrary, where it appears that the question and answer clearly relate to information gained by the witness from the examination of books and accounts made by him, the appellate court will look to the substance rather than to the form in determining whether there be prejudicial error.

■ During the progress of the trial it developed that one of the items appearing in the books of the city and with which defendant was chargeable as having been received by him, was an amount of $3,161.19 paid by Honorable Henry B. Foster, the judge then presiding. It is here insisted that Judge Foster should sua sponte have stopped the trial and recused himself from further presiding in the case. The evidence did not show nor is it contended that Judge Foster was in any way liable or involved by reason of the check, but it is insisted that the fact that the trial judge had paid a check to defendant, and there was contention on the part of the state that a part of the proceeds of that check had been used by defendant in a fraudulent manner, the jury would be prejudiced against the defendant. Judge Foster, at the time of this trial, was not in the remotest degree interested in this check. He had paid it to the proper city official several years before in liquidation of an obligation due the city, and that obligation had been satisfied. There was absolutely no reason for Judge Foster to have recused himself.

■ It is contended by appellant that the court erred in giving charge No. 1 at the request of the state. As to the giving of this charge the following appears:

"The Court continuing the oral charge stated,

"28th: 'I give you this written charge at the request of the State, it states correct propositions of law, and is given in connection with the oral charge of the Court.'

"(1) The Court charges the jury that it is not necessary in this case for the State to prove any definite sum of money was embezzled or fraudulently converted to his own use by the defendant, and if the jury believe from the evidence beyond a reasonable doubt that the defendant embezzled or fraudulently converted to his own use any sum of money, the personal property of the City of Tuscaloosa, of value in excess of $25.00, which money had come into his possession by virtue of his office as City Clerk of the City of Tuscaloosa, it is your duty to find the defendant guilty as charged in the indictment.

"Given

"Foster, Judge.

"29th, 'Of course, gentlemen, as already stated to you in the outset this prosecution is limited to any offense which the State claims occurred during the three year period immediately preceding the finding of the indictment. Any evidence of any alleged embezzlement prior to that time may be considered by you in connection with all of the other evidence in the case simply upon the question of the guilty knowledge of the de-

fendant as to the crime with which he is charged in this particular case.' "

The charge states the law of embezzlement correctly, and the court in connection with the reading of the charge to the jury expressly limited its application to the period covered by the statute of limitation.

We find, no error in the record, and the judgment is affirmed.

Affirmed.

