**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Seymour (Sy) POLLACK, Defendant-Appellant.**

**No. 27762**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Oct. 1, 1969.

Rehearing Denied Oct. 28, 1969.

Arthur J. Hanes, Sr., Fred Blanton, Jr. (Lead Counsel), Birmingham, Ala., Hanes & Hanes, Birmingham, Ala., of counsel, for appellant.

Macon L. Weaver, U. S. Atty., R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was convicted of eight counts of mail fraud, fraud in the sale of securities, and related offenses.

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

Appellant attacks the admission into evidence of corporate minute books relating to periods several years before the acts with which he is charged. His objections are not to their contents, except by implication that they were either irrelevant or cumulative. He asserts that these additional exhibits, added to a record already complex and voluminous, made the evidence too difficult for the jury to grasp. If error at all, no prejudice to appellant is shown.

■ There was no error in denying the motion for mistrial based on accounts of the trial carried in local newspapers. The trial judge considered the articles and determined that they were no more than accurate and contemporaneous reports of the trial proceedings, but nevertheless interrogated the jury when both sides had rested and ascertained that no juror had seen the articles. This case is not even remotely similar to Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966) or Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965).

■ The evidence concerning expenditures by appellant at a hotel in Miami was relevant to show disposition of funds allegedly received in the fraudulent undertakings, and the fact that some of the evidence may have been repetitious does not cause it to be prejudicial.

■ Summaries prepared by an accountant of various complex transactions were admissible. The accountant was qualified as an expert and testified that the summaries were based on matter in evidence. McDaniel v. United States, 343 F.2d 785 (5th Cir. 1965).

Affirmed.