466 So.2d 344 (1985)
BOWMAR INSTRUMENT CORPORATION, Appellant/Cross-Appellee,
v.
FIDELITY ELECTRONICS, LTD., INC. and Fidelity Electronics International Sales Company, Appellees/Cross-Appellants.
Nos. 83-2752, 84-311 and 84-2819.
District Court of Appeal of Florida, Third District.
March 5, 1985.
Rehearing Denied April 15, 1985.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Douglas J. Chumbley, Miami, Kohn, Savett, Marion & Graf and Harold E. Kohn, Philadelphia, Pa., for appellant/cross-appellee.
*345 Sparber, Shevin, Shapo & Heilbronner and Jeffrey M. Weissman, Miami, for appellees/cross-appellants.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
Contrary to the ruling of the trial court, we are of the view that Section 90.956, Florida Statutes (1983),[1] applies not only to a written summary which a party intends to offer in evidence, but also to a summary which, as in the present case, is offered through the testimony of a witness. We nonetheless affirm the trial court's decision to admit the summary testimony because the record reflects that the written summary to which the witness referred and the data underlying the summary were in fact made available to the appellant sufficiently in advance of the presentation of this testimony so as to enable the appellant to adequately prepare to voir dire and cross-examine the witness. Therefore, although a technical violation of Section 90.956 occurred when the appellees failed to give written notice of their intention to use the summary, that violation caused no substantial harm to the appellant. See S. Kornreich & Sons, Inc. v. Titan Agencies, Inc., 423 So.2d 940 (Fla. 3d DCA 1982).
We have considered the remaining points on appeal and the point on appellees' cross-appeal and have concluded that no error has been demonstrated.
Affirmed.
NOTES
[1] Section 90.956, Florida Statutes (1983), provides:

"When it is not convenient to examine in court the contents of voluminous writings, recordings, or photographs, a party may present them in the form of a chart, summary, or calculation by calling a qualified witness. The party intending to use such a summary must give timely written notice of his intention to use the summary, proof of which shall be filed with the court, and shall make the summary and originals or duplicates of the data from which the summary is compiled available for examination or copying, or both, by other parties at a reasonable time and place. A judge may order that they be produced in court."
The federal counterpart, Fed.R.Evid. 1006, provides that only the underlying source material be made available to other parties, not that the summary itself be made available. See United States v. Foley, 598 F.2d 1323 (4th Cir.1979), cert. denied, 444 U.S. 1043, 100 S.Ct. 727, 62 L.Ed.2d 728 (1980).