565 So.2d 1277 (1990)
Joanne GIDDENS
v.
STATE.
3 Div. 830.
Court of Criminal Appeals of Alabama.
June 29, 1990.
Rehearing Denied August 3, 1990.
*1278 David B. Byrne, Jr. and Scott R. Talkington, Montgomery, for appellant.
Don Siegelman, Atty. Gen., and Venessa Campbell, Asst. Atty. Gen., for appellee.
TAYLOR, Presiding Judge.
The appellant, Joanne Giddens, was convicted of theft in the first degree, a violation of § 13A-8-3 Code of Alabama 1975. She was sentenced to five years' imprisonment, which was suspended, and was placed on supervised probation. She was ordered to pay restitution in the amount of $16,076.77.
The evidence showed that the appellant was Comptroller of Goodwill Industries of Central Alabama from October 1982 to May 1984. During that period $16,076.77 was misappropriated. Ms. Calloway, an employee working as a bookkeeper under the supervision of the appellant, testified that she and the appellant began misappropriating funds from the sale of salvage metal and from delivery fees. She said that the appellant hid the misappropriation of funds by tampering with the revenue books. In 1984, the appellant was promoted. Her old job was filled by Ms. Nan Holt, and shortly thereafter, Nan Holt was replaced by Ms. Joanne Wilmore. Ms. Wilmore discovered the alterations to the revenue books and brought them to the attention of the executive director, Col. John Walter. An investigation was then initiated. Janice Heacock, a certified public accountant who had worked auditing Goodwill Industries books since 1976, performed a special audit on the revenue books and complied a special report on her findings.

*1279 I
The appellant argues that the report prepared by Janice Heacock should not have been allowed into evidence. She gives three reasons why she says the evidence was inadmissible. Initially, she argues that the evidence did not fall within the business records exception to the hearsay rule. See § 12-21-43, Code of Alabama 1975. That section reads:
"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction or event if it was made in the regular course of any business and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, `business' shall include a business, profession, occupation and calling of every kind."
As our Supreme Court stated in Ex parte Frith, 526 So.2d 880 (Ala.1987), the requirements necessary to meet the business records exception to the hearsay rule are:
"1) that the record or writing was made as a memorandum or record of an act, transaction, occurrence, or event;
"2) that the record was made in the regular course of business; and
"3) that it was the regular course of business to make such a memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter."
Ex parte Frith, 526 So.2d at 882.
In the instant case, the summary report compiled by Janice Heacock was made only after she had been instructed by the board of Goodwill Industries to prepare such an audit. The report was based on a "special audit" performed by Ms. Heacock, and Ms. Heacock was not a regular employee of Goodwill Industries. Thus, it would not fall within the business records exception. However, the report would clearly be admissible as a summary of voluminous materials prepared for the aid of the jury.
A similar situation arose in Kersh v. State, 26 Ala.App. 15, 153 So. 284 (1933), cert. denied, 228 Ala. 364, 153 So. 287 (1934). In Kersh, the defendant, who was clerk of the City of Tuscaloosa, was accused of fraudulently taking money for his own use. After he resigned, the books were audited and $16,000 was found missing.
"The main insistence of appellant is that the court erred in permitting the witness Jamison to testify as to conclusions arrived at by him through calculations made from the books kept by defendant when he had not examined those books item by item, but in some instances had taken totals made by other auditors in reconciling balances."
Kersh, 26 Ala.App. at 16, 153 So. at 285-86.
As the Court stated in Kersh:
"An accountant who has examined certain books and schedules which have been introduced in evidence may state the results of his computations therefrom, [citation omitted]. In this state the rule is stated to be: `In the cases where it is impracticable or impossible for the court to make an examination of a large number of instruments, entries, or records, a competent witness may make such examination and present his conclusions thereon to the court.'"
Kersh, 26 Ala.App. at 16, 153 So. at 286.
The Court in Kersh went on further to say that this kind of case is the typical situation where the above stated rule applies. It would be impractical to expect the jury to wade through all the materials that someone with a specialized degree is qualified to do.
As stated in McElroy's Alabama Evidence:
"It sometimes occurs that a fact to be proven requires an inspection and compilation of numerous and voluminous documents, such that inspection and compilation *1280 by the judge or jury at the trial would be unreasonable, impracticable or impossible. Under these circumstances, a qualified witness, who has made an examination of such documents, may state the result of his computations therefrom if, but only if, the documents are made available to the opponent for his inspection. The witness, therefore, may testify to his summary of voluminous records without having to produce the original or account for their loss."
C. Gamble, McElroy's Alabama Evidence § 220.01 (3rd ed. 1977). See United States v. Pollack, 417 F.2d 240 (5th Cir.1969), cert. denied, 397 U.S. 917, 90 S.Ct. 924, 25 L.Ed.2d 98 (1970); United States v. Prevatt, 526 F.2d 400 (5th Cir.1976); Bowmar Instrument Corp. v. Fidelity Electronics, Ltd., Inc., 466 So.2d 344 (Fla.Dist.App. 1985) (Florida has a statute which specifically deals with the introduction of summaries of voluminous materials).
Many states, including Florida, provide that notice must be given to the other party before a summary of voluminous material is admissible. In the instant case there is no argument that notice was not given. The special audit summary prepared by Ms. Heacock was admissible under the voluminous records exception to the best evidence rule. See McElroy's Alabama Evidence and cases cited above.
The appellant further argues that the admission of the report prepared by Ms. Heacock violated her Sixth Amendment right to confrontation. Appellant bases this argument on the fact that the report was based in part on records transcribed by Ms. Doreatha Calloway. As in the Kersh case, the accountant did not "pretend to testify as to the correctness of any item." Kersh, 26 Ala.App. at 17, 153 So. at 286. Ms. Heacock was given from several different sources, the information on which she based her report, and the appellant's counsel was given adequate opportunity to cross-examine every witness involved in the audit. Also, the information which Ms. Heacock based her report on was admitted into evidence at trial. Appellant's right to cross-examination was not violated.
Finally, the appellant argues, in regard to the audit report, that it contained illegal opinion evidence. The appellant never brought this issue to the attention of the trial judge. Thus, this issue was not preserved for appellate review. See Reeves v. State, 456 So.2d 1156 (Ala.Cr.App.1984).
As this court stated in Ballard v. State, 461 So.2d 899 (Ala.Cr.App.1984), "a determination of admissibility of evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion." Ballard, 461 So.2d at 906. There was no abuse of discretion here.

II
The appellant next argues that the trial court erred in allowing evidence of prior "bad acts" since these acts were not charged in the indictment. Specifically, the appellant argues that evidence of checks returned for insufficient funds and evidence that the appellant was having an affair with the director of Goodwill Industries was inadmissible since that evidence constituted evidence of prior "bad acts."
As the appellant correctly says in her brief, evidence of other offenses is generally inadmissible. See Nicks v. State, 521 So.2d 1018 (Ala.Cr.App.1987), aff'd, 521 So.2d 1035 (1988), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988). However, there are exceptions to the general inadmissibility rule. See C. Gamble, McElroy's Alabama Evidence § 69.01. Some of the exceptions relate to or are based on, physical capacity, skill or means, res gestae or continuous transaction, guilty knowledge, criminal intent, plan, design, scheme or system, motive, identity, rebuttal of accused's illegal evidence of good character, rebuttal of accused's insanity defense, and ongoing crimes consisting of a series of criminal acts or misdeeds. This is not an exhaustive list.
Clearly, evidence of checks which have been returned for insufficient funds *1281 and evidence of a relationship with a boss are relevant considerations when someone is charged with the theft of over $16,000. The former shows a possible motive for the crime charged, and the latter indicates that she had opportunity and, possibly, a reduced fear of apprehension.
As this court has stated in previous cases, "where the evidence is wholly circumstantial, motive is a material concern." Dolvin v. State, 391 So.2d 666, 673 (Ala.Cr. App.1979), aff'd, 391 So.2d 677, 18 A.L. R.4th 1288 (1980); see also Kelley v. State, 409 So.2d 909 (Ala.Cr.App.1981). In Kelley, the defendant was charged with embezzling funds from the City of Prattville. There was evidence that the defendant frequently took female employees out to lunch and paid for their meals. There was also evidence introduced that he was having an affair with one of the employees he frequently took to lunch. The State argued that the relationship was relevant to show motive. We upheld the introduction of the evidence, stating that "in cases based largely upon circumstantial evidence, a rather wide range of evidence is allowed in developing circumstances tending to show motive on the part of the accused." Kelley, 409 So.2d at 913-14. "`Testimony going to show motive, though motive is not an element of the burden of proof resting on the state, is always admissible.' ... Even slight evidence to show a motive for doing the act in a criminal case is not to be excluded, but should be left to the consideration of the jury." Kelley, 409 So.2d at 914 (emphasis omitted).
Evidence that the appellant was having an affair with her boss was also relevant to show that she had the opportunity to commit the theft. "All evidence which legitimately tends to show that the defendant had the opportunity of committing the crime charged is admissible as going to establish his connection therewith." Enzor v. State, 24 Ala.App. 346, 349, 135 So. 595, cert. denied, 223 Ala. 297, 135 So. 598 (1931).

III
The appellant also argues that the trial court erred in allowing into evidence an oral statement made by her but not disclosed during discovery. Ms. Heacock testified that the appellant told her she was concerned about her position at Goodwill Industries. She also asked Ms. Heacock for her personal opinion of where she stood, in regard to the audit. Ms. Heacock said she told the appellant that at that point all she could be accused of was not doing her job. The appellant contends that these statements made by the appellant to Ms. Heacock come under the purview of Rule 18.1(a)(1), Ala.R.Crim.P.Temp.
Rule 18.1(a)(1), Ala.R.Crim.P.Temp., states:
"Upon motion of the defendant the court shall order the district attorney:
"(1) To permit the defendant to inspect and copy any written or recorded statements made by the defendant to any law enforcement officer, official, or employee which are within the possession, custody, or control of the state, the existence of which is known to the district attorney;
"(2) To disclose the substance of any oral statements made by the defendant before or after arrest to any law enforcement officer, official, or employee which the state intends to offer in evidence at the trial."
As this court stated in Hamilton v. State, 496 So.2d 100 (Ala.Cr.App.1986), "the statement of a defendant is subject to discovery only if that statement was made to a `law enforcement officer or law enforcement official.'" Hamilton, 496 So.2d at 106. We further stated that the appellant's guilt was clear and, thus, that disclosure of the tape would have been "inconsequential to his defense even if the tape was subject to discovery." Hamilton, 496 So.2d at 106. Accordingly, no error occurred in the instant case.

IV
Last, the appellant argues that the trial court erred in failing to dismiss the indictment as being vague, ambiguous, and duplicitous. The indictment reads as follows:

*1282 "JOANNE GIDDENS, whose name is otherwise unknown to the Grand Jury, did knowingly obtain, by deception, and/or did knowingly obtain or exert unauthorized control over $16,686.49 in lawful currency or coinage, or currency and coinage, the property of Goodwill Industries of Central Alabama, a Corporation, pursuant to one scheme or course of conduct from October 19, 1982 through May 22, 1984 with the intent to deprive the said owner of said property, in violation of 13A-8-3 of the Code of Alabama."
The appellant argues that the indictment was vague since no specific time was listed for the offense. A similar issue was addressed by this court in Kelley v. State, supra. In Kelley, the defendant was charged with embezzling funds from the City of Prattville while he was the clerk-treasurer for the city. No time at all was listed in the indictment. The only reference to time was the phrase "while the City Clerk-Treasurer of the City of Prattville, Alabama." This court said that this reference was sufficient. "The general rule, and the rule that is controlling in the instant case, is that it is not necessary to state in an indictment the precise time an offense was committed." Kelley, 409 So.2d at 912. See also § 15-8-30, Code of Alabama 1975.
In the instant case the indictment stated that the offense occurred during the period October 19, 1982, through May 22, 1984. This was the period during which the appellant was the comptroller of Goodwill Industries. The indictment sufficiently apprised the appellant of the time period during which she was alleged to have committed the theft.
The appellant also argues that the indictment was "duplicitous." As appellant states in her brief, "duplicity occurs where the State joins one or more distinct and separate offenses into the same count of an indictment." Appellant contends that all the instances in which certain amounts of money were taken constitute separate offenses which, she says, should have been contained in separate counts in the indictment.
In Willis v. State, 134 Ala. 429, 33 So. 226 (1901), the defendant was charged with embezzlement. A question raised in Willis was "whether the prosecution could be compelled to elect to prosecute for one particular act of embezzlement." The Court wrote:
"The evidence shows that the defendant was the station agent of the Railway Company, and as such had full charge and control of its business at that station; was the custodian of all money arising out of the sale of tickets, collected all freight and express charges, made disbursements, and kept the books. Furthermore, the evidence tended to show that by a system of false entries upon the books, and other dubious practices, he endeavored to conceal his withholding of small sums of money which came into his possession from time to time by virtue of his employment. And by a system of falsification he managed to conceal for a considerable length of time his acts of conversion of his employer's money. The tendency of the evidence strongly supports the theory that the defendant systematically instituted a continuous series of withholding of his principal's money for the purpose of acquiring for his own use, ultimately, a large sum. Where this is the case, the doctrine of election does not apply, since the series of acts would constitute but one offense and each separate act would not be separate and distinct offenses."
The same can be said of the instant case. The appellant's theft of funds from Goodwill Industries was systematic and constituted a continuous series of actions. "The test for validity is not whether the indictment could be framed more satisfactorily, but whether it conforms to minimal constitutional standards." Project: Eighteenth Annual Review of Criminal Procedure; 77 Geo.L.J. 749-50 (1989). The indictment in the instant case met those requirements. No error occurred in joining all of the instances in one count in the indictment.
*1283 Appellant received a fair trial. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.