BASCHAB, Judge.
The appellant, Michael Clem, was convicted of two counts of first-degree sexual abuse, violations of § 13A-6-66(a)(l) and (3), Ala.Code 1975. The trial court sentenced him, as a habitual offender, to serve concurrent terms of thirty years in prison on each conviction. See § 13A-5-9(c)(l), Ala.Code 1975. The appellant filed a “Motion for Judgment of Acquittal or in the Alternative for a New Trial,” which the trial court summarily denied. This appeal followed.
The State presented evidence that, on April 3, 2000, the victim, L.S., who was eleven years old, spent the night with her aunt, M.T. The appellant, who was a Mend of M.T.’s and whose sister was married to the victim’s mother’s stepbrother, also spent the night at M.T.’s house. The victim testified that she fell asleep that night in the bed with M.T. and the appellant. However, when she woke up around 3:00 a.m., she was in the bed alone with the appellant. The victim testified that the appellant, who was behind her, put his leg over her leg and rubbed his hand between her legs in the area of her vagina and on her “butt.” (R. 45.) The victim testified that the appellant touched her on top of her clothes, that he moved his hand in a back and forth motion, and that he also moved his body against hers in a back and forth motion.
I.
The appellant argues that the trial court erroneously denied his motion in limine. Before the trial began, he made a motion in limine to prevent the State from mentioning his prior felony convictions, and the trial court denied the motion.
“ ‘A party who suffers an adverse ruling on a motion in limine can preserve the ruling for post-judgment and appellate review only by objecting to the introduction of the proffered evidence and assigning specific grounds at the time of trial, unless he or she obtains the express acquiescence of the trial judge that a subsequent objection and assignment of grounds are not necessary.’
“Miles v. State, 650 So.2d 583, 586 (Ala.Cr.App.1994), quoting, Parks v. State, 587 So.2d 1012 (Ala.1991).”
Grimsley v. State, 678 So.2d 1197, 1208 (Ala.Crim.App.1996). The record does not reflect that, when it denied the motion in limine, the trial court agreed that a subsequent objection would not be necessary. Subsequently, defense counsel did not object when the State, during its cross-examination of the appellant, asked him about his prior felony convictions. Therefore, this argument is not properly before this court.
II.
The appellant also argues that the trial court erred when it did not “instruct the jury to disregard improper remarks made by the prosecutor thereby, prejudicing [him].” (Appellant’s brief at p. 11.) However, he did not object when the trial court did not specifically instruct the jury to disregard the comment. Therefore, he did not preserve this issue for our review. See Sotto v. State, 701 So.2d 309 (Ala.Crim.App.1997).
The appellant also argues that the prosecutor’s comments implied that he was guilty, that “he was attracted to little girls,” and that “[n]o instruction from the Judge at that point could have cured the *1114 damage that was caused to [him].” (Appellant’s brief at p. 11.) However, at trial, he objected to the prosecutor’s comments only on the ground that how he looked was not relevant and that the prosecutor could not “judge or speculate on what he looked like, looking at these girls.” (R. 194.) “ ‘The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.’ Ex parte Frith, 526 So.2d 880, 882 (Ala.1987).” Miller v. State, 602 So.2d 488, 496 (Ala.Crim.App.1992). Because the appellant did not present the specific grounds he raises on appeal to the trial court, they are not properly before this court.
Moreover, the record does not contain a transcript of the closing arguments in their entirety. Rather, it contains only the statement to which the appellant objected and his objection to the statement.
“We review the argument as a whole to determine if any part is prejudicial and violative of the appellant’s rights. ‘It is the appellant’s duty ... to make a correct and complete record on appeal.’ Holder v. State, 584 So.2d 872, 875 (Ala.Cr.App.1991).”
Allen v. State, 611 So.2d 1152, 1155 (Ala.Crim.App.1992). Because the record before us does not contain a copy of the closing arguments in their entirety, we cannot review the prosecutor’s comment in the context of the entire closing arguments. Therefore, we cannot properly review the appellant’s argument.
III.
The appellant further argues that the trial court erroneously denied his “Motion for Order Permitting Discovery of Transcript Exhibits and Other Memoriali-zation of Grand Jury Proceedings and List of Grand Jury Members.” Section 12-16-214, Ala.Code 1975, provides, in pertinent part:
“The Legislature hereby finds, declares and determines that it is essential to the fair and impartial administration of justice that all grand jury proceedings be secret and that the secrecy of such proceedings remain inviolate.”
(Emphasis added.)
“The ramifications of disclosing the names of grand jury members are too great to comprehend. It is safe to conclude that the number of indictments would decrease drastically and the function of the grand jury would be greatly hindered if the grand jurors’ names were not secret. The secrecy of the grand jury proceedings is well-grounded in this country’s jurisprudence and has protected the grand jury system.”
State v. Matthews, 724 So.2d 1140, 1142 (Ala.Crim.App.1998). Furthermore, “ ‘a defendant must make a preliminary showing of particularized need before a court can balance this need against the policy favoring grand jury secrecy.’ Arthur v. State, [711] So.2d [1031, 1078 (Ala.Crim.App.1996) ].” Mitchell v. State, 706 So.2d 787, 806 (Ala.Crim.App.1997).
Initially, we question whether the appellant timely presented his request to the trial court because he filed it more than three months after the trial and almost two weeks after the sentencing hearing. Furthermore, in his motion, he did not make any showing of particularized need for discovery of the grand jury proceedings. Therefore, the trial court properly denied his motion.
IV.
Finally, the appellant argues that his sentences violate double jeopardy principles. Specifically, he contends that the trial court should not have imposed a sen- *1115 tenee for each first-degree sexual abuse conviction because both convictions arose from the same act. The appellant was convicted of one count of first-degree sexual abuse pursuant to § 13A—6—66(a)(1), Ala.Code 1975, and one count of first-degree sexual abuse pursuant to § 13A-6-66(a)(3), Ala.Code 1975. We addressed a similar situation in King v. State, 574 So.2d 921, 929 (Ala.Crim.App.1990), as follows:
'‘Initially, we must determine whether an individual may be convicted of two counts contained in the same statute. As our Supreme Court stated in Sisson v. State, 528 So.2d 1159 (Ala.1988), ‘[T]he two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses.’ According to Sisson, the appellant could not be convicted for ... two counts of sexual abuse.”
In this case, both of the appellant’s convictions were based on testimony that he rubbed the victim between her legs and on her “butt” on the morning of April 4, 2000. (R. 45.) Therefore, he could not properly be convicted of and sentenced for two counts of first-degree sexual abuse. Accordingly, we remand this case to the trial court with instructions that that court set aside one of the appellant’s first-degree sexual abuse convictions and sentences. In its written order setting aside the conviction and sentence, the trial court shall state which specific first-degree sexual abuse conviction and sentence it is setting aside. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include a copy of the trial court’s written order.[1]
REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. Because of our disposition of this issue, we pretermit discussion at this time of the remaining issue the appellant raises in his brief to this court.